WILLIAM H. SKILLMAN, appellant,

*v.*

MARY J. LANEHART et al., respondents.

[Decided July 2d, 1907.]

1. The court having power under Orphans Court act 1898, section 197 (*P. L. 1898 p. 789*), in a cause respecting the probate of a will, in which probate was refused, to order both costs and expenses to be paid by the person propounding the will, or to be paid out of the estate, such proponent may not complain that the court, while imposing the expenses on the estate, imposed the costs on him.

2. The unsuccessful proponents of a will may not complain of the refusal to allow them their expenses, there being no power to impose the expenses of that unsuccessful litigation on the estate.

3. The court, on an unsuccessful appeal from the refusal by the orphans court of probate of a will, has no power to allow proponent counsel fees in the appellate court.

*Messrs. Clark & Case,* for the appellant.

*Mr. Nelson Y. Dungan* and *Mr. James L. Griggs,* for the respondents.

MAGIE, ORDINARY.

A contest upon an appeal from a decree of the orphans court of Somerset county, refusing probate to a paper writing propounded by appellant as the will of William Lanehart, deceased, has been heard and an opinion has been filed therein.

Counsel for appellant state that it was their intention to present objections at the same time to an order of the orphans court making allowances of counsel fees and expenses to counsel for contestants, and refusing counsel fees to counsel for the proponent. A petition of appeal from the last-mentioned order was presented and filed, but by inadvertence it was not printed in the case.

Counsel of both sides now stipulate that the matter thus presented may be considered and adjudicated upon with further argument.

The order appealed from contained three distinct clauses— *first,* it fixed the expenses of the litigation (including counsel fees) and ordered them paid out of the estate of the deceased; *second,* it fixed the taxed costs and ordered them to be paid by the appellant, who was one of the persons propounding the will, and *third,* it denied any allowance for counsel fees and expenses to the appellant and Laura Kellogg, who were named as executor and executrix in the paper writing which was refused probate.

As this was a cause respecting the probate of a will in which probate was refused, the court had power to order both costs and expenses to be paid by the person propounding the will, or to be paid out of the estate. *Orphans Court act of 1898 p. 789 § 197.* The court imposed the expenses of the litigation upon the estate of the deceased, the costs upon the proponent. In my judgment, appellant cannot complain of this division. The grounds on which the costs were imposed on him would probably have justified imposing the expenses also on him. The order which imposes expenses on the estate instead of on appellant has not

been appealed from. So much of the decree as imposes the costs must be affirmed.

So much of the decree as refused to allow to the proponents their expenses (including counsel fees) must also be affirmed. They were unsuccessful proponents of a will. There is no power to direct the expenses of that unsuccessful litigation to be imposed on the estate of the deceased.

In connection herewith may be considered the application of appellant's counsel for an allowance of counsel fees in this court. In my judgment, I have no power to make such allowances from the estate.